UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAR CORPORATION and
ADIENT U.S., L.L.C.,

                Petitioners,

v.

PREVENT U.S.A. CORPORATION,

                Respondent.

_____/

Case No. 2:23-mc-51635
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING RESPONDENT'S AMENDED
MOTION TO TRANSFER PETITIONERS' JOINT MOTION TO QUASH
(ECF No. 21)
and DENYING AS MOOT PETITIONERS' JOINT MOTION TO QUASH
THE NON-PARTY SUBPOENAS OF PREVENT U.S.A. CORPORATION
(ECF No. 1)**

## A.    Underlying and Related Lawsuits

This matter comes before the Court in relation to an out-of-district antitrust lawsuit in which Prevent U.S.A. Corporation ("Prevent U.S.A." or "Prevent") sues Volkswagen, AG and Volkswagen Group of America.  Before considering the instant motion to quash filed by Lear Corporation ("Lear") and Adient U.S., L.L.C. ("Adient"), it is necessary to review certain other cases filed by Prevent U.S.A. or Prevent Dev GMBH against Volkswagen, Adient plc, and/or Lear.[1]

_____

[1] Docket citations in Sections A1, A2 & A3 relate to the particular case under discussion.

1. ***Prevent U.S.A. Corporation, et al. v. Volkswagen, AG, et al.*, Case No. 2:19-cv-13400-BAF-EAS (E.D. Mich.) ("*Prevent I*")**

In 2019, Prevent U.S.A. and Eastern Horizon Group Netherlands B.V. filed an antitrust lawsuit, alleging, *inter alia*, monopsonization against Volkswagen, AG and Volkswagen Group of America, Inc.  (ECF No. 1, ¶¶ 162-234.)[2]  On March 22, 2021, Judge Friedman entered an opinion and order granting Defendants' motion to dismiss on *forum non conveniens* grounds.  *Prevent U.S.A. Corp. v. Volkswagen AG*, No. 19-CV-13400, 2021 WL 1087661 (E.D. Mich. Mar. 22, 2021), *aff'd*, 17 F.4th 653 (6th Cir. 2021) (ECF No. 56, PageID.2437).

2. ***Prevent Dev GMBH v. Adient PLC, et al.*, Case 2:20-cv-13137-GAD-RSW (E.D. Mich.) ("*Prevent II*")**

In 2020, Prevent Dev GMBH filed an antitrust lawsuit against Adient PLC, Lear, Volkswagen, AG, and Ralf Brandstatter, alleging "an unlawful conspiracy between Volkswagen AG, the largest carmaker in the world, and Adient plc and Lear Corporation, the two largest automotive seat makers in the world, to boycott Plaintiff from the automotive seat cover market."  (ECF No. 1, PageID.4 ¶ 1.)  On November 30, 2021, Judge Drain dismissed Prevent's claims on the basis of *forum non conveniens* and concluded that Prevent's antitrust claims were barred by the Foreign Trade Antitrust Improvements Act of 1992 (FTAIA).  *Prevent DEV GmbH*

---

[2] A monopsony is "[a] market situation in which one buyer controls the market." Black's Law Dictionary (11th ed. 2019).

*v. Adient PLC*, No. 20-CV-13137, 2021 WL 5585917, at *3-17 (E.D. Mich. Nov. 30, 2021). Accordingly, Judge Drain granted Adient and Lear's and Volkswagen and Brandstatter's motions to dismiss. (*Id.*, at *17.) *See also* 15 U.S.C. § 6a ("Conduct involving trade or commerce with foreign nations").

### 3. *Prevent U.S.A. Corporation v. Volkswagen AG, et al.*, Case No. 2:22-cv-00506-JRG-RSP (E.D. Tex.) ("the Texas action")

In December 2022, Prevent U.S.A. filed an antitrust lawsuit in the Eastern District of Texas against Volkswagen, AG and Volkswagen Group of America, Inc., alleging "anticompetitive and tortious tactics used by Volkswagen . . . to maintain its stranglehold over suppliers of Volkswagen automotive component parts." (ECF No. 1, PageID.2 ¶ 1.)

### a. Prevent's first amended complaint

Shortly thereafter, Prevent filed a first amended complaint (ECF No. 4), as to which the Volkswagen Defendants sought dismissal on multiple bases (ECF No. 20, PageID.19-40). On June 22, 2023, Magistrate Judge Roy Payne issued a lengthy and comprehensive report and recommendation ("R&R"). Among other things, Judge Payne concluded: (1) there was no issue preclusion as to *forum non conveniens*; (2) there was no issue preclusion as to the FTAIA; (3) the Court could not dismiss the case on the basis of *forum non conveniens*; and, (4) "the FTAIA does not bar Prevent USA's claims." *Prevent U.S.A. Corp. v. Volkswagen, AG*, No. 2:22-CV-00506-JRG-RSP, 2023 WL 4981611, at *2-6 (E.D. Tex. June 22,

2023).  Judge Payne also concluded that Prevent U.S.A.'s pleadings were sufficient for federal antitrust, state antitrust, tortious interference, and civil conspiracy claims.  (*Id.*, 2023 WL 4981611, at *6-9.)  Chief Judge Rodney Gilstrap adopted the report and recommendation and denied Volkswagen's motion to dismiss. *Prevent U.S.A. Corp. v. Volkswagen, AG*, No. 2:22-CV-00506-JRG-RSP, 2023 WL 4980124, at *1 (E.D. Tex. Aug. 3, 2023), *mandamus granted, order vacated sub nom. In re Volkswagen AG*, No. 23-40487, 2023 WL 8074229 (5th Cir. Nov. 21, 2023).

### b.   Prevent's second amended complaint

Meanwhile, on August 16, 2023, Prevent U.S.A. filed a second amended complaint.  (ECF No. 66.)  Currently pending in the Texas action are:  (1) the Volkswagen Defendants' December 18, 2023 sealed motion to dismiss (ECF No. 82),[3] which Judge Payne took under submission on April 26, 2024 (ECF No. 107); (2) the Volkswagen Defendants' December 19, 2023 motion (ECF No. 84) to stay discovery pending ruling on Defendants' renewed motion to dismiss the amended complaint; (3) Prevent U.S.A.'s January 30, 2024 sealed motion to compel defendants production of documents (ECF No. 92); (4) Prevent U.S.A.'s opposed

---

[3] Defendants' petition for a writ of mandamus and related matters are mentioned in filings related to the Volkswagen Defendants' sealed motion to dismiss (ECF No. 82).  *See*, *e.g.*, ECF No. 83 [Defendants' renewed motion to dismiss the amended complaint]; ECF No. 89 [Plaintiff's response]; and, ECF No. 91 [Defendants' reply]; ECF No. 94 [Plaintiff's sur-reply].

motion to amend the docket control order (ECF No. 98; *see also* ECF No. 47); (5) Prevent U.S.A.'s second motion to compel (ECF No. 99); (6) Prevent U.S.A.'s opposed motion for a status conference (ECF No. 100); (7) Prevent U.S.A.'s motion to compel Defendants' production of documents responsive to RFPs 4, 6, 7, and 29 (ECF No. 109); and, (8) Prevent U.S.A.'s sealed motion for leave to file a supplemental brief in opposition to Defendants' renewed motion to dismiss (ECF No. 110).[4]

## B.    Instant Subpoena-Related Motions

Now, the Court turns back to the matter currently before it.  On September 8, 2023, in conjunction with the Texas action, non-parties Lear and Adient were served with subpoenas to testify at a deposition and produce documents.  (ECF No. 1-4, PageID.87-98 [Lear]; ECF No. 1-5, PageID.130-141 [Adient].)  Although the subpoenas were issued by the E.D. Texas, they require compliance in the E.D. Mich.  (ECF No. 1-4, PageID.90, 133.)  Lear and Adient responded and objected on September 22, 2023.  (ECF No. 1-4, PageID.100-118 [Lear]; ECF No. 1-5, PageID.143-173 [Adient].)  Thereafter, counsel exchanged emails regarding narrowing the requests.  (ECF No. 1-4, PageID.120, 123-125; ECF No. 1-5, PageID.175, 193.)

---

[4] *See also* ECF Nos. 111 [Plaintiff's motion for leave to file a supplemental brief in opposition to Defendants' renewed motion to dismiss], 113 [Defendants' opposition], 116 [Plaintiff's reply], and 118 [Defendants' sur-reply].

On November 15, 2023, Lear and Adient jointly filed their initiating motion

before this Court. (ECF No. 1.)  On January 4, 2024, Judge Drain referred this case

to me for pretrial matters (ECF No. 25), including the following two pending

motions:

- Lear and Adient's ("Petitioners'") November 15, 2023 joint motion to quash the non-party subpoenas of Prevent U.S.A. ("Respondent") (ECF Nos. 1, 5, 10) served in relation to the Texas action, as to which responses (ECF Nos. 13, 20) and replies (ECF Nos. 22, 24) have been filed; and,

- Respondent's December 7, 2023 amended Fed. R. Civ. P. 45(f) motion (ECF No. 21) to transfer Petitioners' joint motion to quash, as to which a response (ECF No. 23) and a reply (ECF No. 24) have been filed.

At the in-person hearing noticed for March 22, 2024, Attorneys Andrew Marovitz

(Lear) and Louis P. Gabel (Adient) appeared for Petitioners, and Attorneys James

Hartmann Smith, Laura Baron, and Mark C. Rossman (Prevent) appeared for

Respondent.  (ECF Nos. 26, 27, 30 [Transcript].)

At the conclusion of the hearing, the Court took these motions under

advisement but also encouraged the petitioners and respondent to take the next

week – until March 29, 2024 – to continue discussing whether there is any

agreement on:  (1) the motion to transfer (ECF No. 21); and, (2) the scope of

subpoena.  By an April 1, 2024 e-mail, counsel informed the Court that they

remained "unable to resolve their differences." The Court is now ready to issue its decision.

## C.    Discussion

### 1.    Respondent's amended motion to transfer (ECF No. 21)[5]

#### a.    Fed. R. Civ. P. 45(f) ("Transferring a Subpoena-Related Motion.")

Prevent argues that Lear and Adient's motion to quash (ECF No. 1) should be transferred to the Eastern District of Texas. (ECF No. 21, PageID.740-744.) As for transferring a subpoena-related motion, the pertinent rule provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds *exceptional circumstances*. . . . To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f) (emphasis added). As for exceptional circumstances:

> . . . the proponent of transfer bears the burden of showing that [exceptional] circumstances are present. The prime concern should be avoiding burdens on local non-parties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the

---

[5] The Undersigned opines on this motion by way of an order, as "ruling on a request to transfer subpoena-related motions to another court is within the provision of a magistrate judge's authority under Section 636(b)(1)(A)." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *2 (D. Nev. Aug. 15, 2014) (Koppe, M.J.). *See also*, *e.g.*, *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-MC-71-D-BN, 2014 WL 2645999 (N.D. Tex. June 13, 2014) (Horan, M.J.) (memorandum opinion and order granting Fed. R. Civ. P. 45(f) transfer of subpoena-related motions).

issuing court's management of the underlying litigation, as when *that court has already ruled on issues presented by the motion* or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests *outweigh* the interests of the non-party served with the subpoena in obtaining local resolution of the motion. . . .

Fed. R. Civ. P. 45(f), Advisory Committee Notes (emphasis added).

"In evaluating whether 'exceptional circumstances' are present warranting transfer," the court should consider "a number of factors relating to the underlying litigation[,]" such as "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014).  *See also* 9 *Moore's Federal Practice*, § 45.53.  The court may also consider the possibility of "inconsistent outcomes" and the purpose of "judicial economy."  *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013).  "The 'exceptional circumstances' standard was selected to ensure that transfer was a rare event."  § 2451 Purpose and History of the Rule, 9A Fed. Prac. & Proc. Civ. § 2451 (3d ed.) (external footnote omitted).

### b.    Inconsistent outcomes

Prevent contends that Lear and Adient's motion to quash "seek[s] to block any discovery relating to Prevent's allegations concerning the Tier 1 supplier boycott[,]" – allegations that "survived Volkswagen's motion to dismiss" in the

Texas action – and, therefore, "ask[s] the Court to interpret and reverse [Chief Judge Gilstrap's August 3, 2023] MTD Order."  (ECF No. 21, PageID.740.) Prevent advocates that, "at the very least," Lear and Adient's motion to quash "should be addressed by the Court that issued the MTD Order."  (*Id.*)

### i.       Chief Judge Gilstrap's August 3, 2023 order

Citing Lear and Adient's argument that Prevent's "subpoenas should be quashed as irrelevant[,]" (ECF No. 1, PageID.13-15), Prevent views "[t]he crux of Movants' basis to quash" as alleging that Prevent's subpoenas "seek discovery concerning claims that are barred by the FTAIA and thus are no longer part of the Texas Action."  (ECF No. 21, PageID.741.)  Prevent contends "this is contrary to the express language of [Judge Payne's June 2023] R&R," (*id.*), which concluded "there is no issue preclusion as to *forum non conveniens*" and "there is no issue preclusion as to the FTAIA[.]"  *Prevent U.S.A. Corp. v. Volkswagen, AG*, 2023 WL 4981611, at *2-5 (ECF No. 1-1).  On August 3, 2023, Chief Judge Gilstrap overruled Volkswagen's objections, adopted the report and recommendation, and denied the motion to dismiss.  *Prevent U.S.A. Corp. v. Volkswagen, AG*, 2023 WL 4980124, at *1.

Volkswagen sought a writ of mandamus from the Fifth Circuit.  On November 21, 2023, the Fifth Circuit granted the petition for writ of mandamus, vacated the district court's judgment, and remanded the case to the district court,

seemingly "to make a new determination under a *forum non conveniens* framework."  *In re Volkswagen AG*, No. 23-40487, 2023 WL 8074229, at *3 (5th Cir. Nov. 21, 2023).  (*See also* ECF No. 21, PageID.739.)  Defendants' December 18, 2023 renewed motion to dismiss the amended complaint in the Texas action addresses the writ of mandamus, argues the case should be dismissed on the basis of *forum non conveniens*, and further argues the case should also be dismissed for the other reasons raised in Defendants' prior motion to dismiss.  (ECF No. 83, therein.)

ii.   **Comparison of the allegations dismissed by this Court in Prevent II with ¶¶ 109-114 of the Texas action's operative pleading**

In their response, Lear and Adient argue that resolving their motion to quash "will not effectively require this Court to reconsider the motion to dismiss decision in the Texas Action or lead to inconsistent results."  (ECF No. 23, PageID.919-927.)  However, the Court is not persuaded by Lear and Adient's reasoning; rather, the Court is inclined to agree with Prevent U.S.A. that Lear and Adient's "urging of this Court to make findings directly contrary to the MTD Order is a *de facto* motion for reconsideration of [the Texas] ruling, and, if successful, would preclude Prevent from obtaining discovery supporting a significant aspect of its case." (ECF No. 21, PageID.741-742.)  Put another way, the motion to quash asks this Court to indirectly revisit the Texas court's denial of the motion to dismiss.

10

Indeed, the motion to quash argues that the "the subpoenas seek information covered by the allegations that Judge Drain [in Prevent II] held are non-cognizable under U.S. law[,]" (ECF No. 1, PageID.13); yet, in the Texas litigation, the allegations accusing Lear, Adient, and Volkswagen of intentionally boycotting Prevent (*see* ECF No. 1-3, PageID.57-59, ¶¶ 109-114) survived the first round of Volkswagen's motion to dismiss, even if the Eastern District of Texas has made no direct comment or declaration about them.  Lear and Adient further argue that the subpoenas should be quashed because they "seek information about claims that Judge Drain held should be adjudicated in Germany – *not Texas* – if they can be adjudicated anywhere at all." (ECF No. 1, PageID.14-15 (emphasis added).) Adient's counsel has pointed out that the Eastern District of Michigan "is the only Court that has actually rolled up its sleeves and engaged in an analysis of the actual allegations against Adient and Lear, and whether those can survive under U.S. Antitrust laws." (ECF No. 30, PageeID.990; *see also* PageID.1008, 1020.) Notwithstanding their assurances to the contrary, the arguments advanced by Lear and Adient essentially ask this Court to ignore, or worse yet discard, the Eastern District of Texas's rulings that have – thus far – upheld Prevent's pleaded allegations that Lear and Adient "agreed" to "boycott Prevent Group by refusing to purchase seat covers from it in exchange for guaranteed future automotive seat cover contracts . . . ."  (ECF No. 1-3, ¶ 109 [Second Amended Complaint]; Case

No. 2:22-cv-00506-JRG-RSP (E.D. Tex.), ECF No. 4 therein, ¶¶ 107-108 [First

Amended Complaint].)  As Prevent points out:

> And what they're arguing, what movants are arguing here is that
> [Judge Drain's] ruling controls and that now discovery in this case
> with the claims that are live shouldn't be permitted.  But that ruling,
> the prior ruling from Judge Drain, doesn't control here because the
> arguments that they are making about collateral estoppel, about
> application of the FTAIA, those arguments were already made in the
> Eastern District of Texas.  Those arguments were already rejected.

(ECF No. 30, PageID.960; *see also* PageID.979, 1023, 1025.)

At present, and notwithstanding the Fifth Circuit's writ of mandamus related

to the ruling on the first amended complaint, the second amended complaint's

allegations are "alive and well" in the Eastern District of Texas.  Absent further

pronouncement from that court on the underlying lawsuit's currently operative

pleading, it is hard to imagine, at this juncture, that *no discovery* should be

permitted with respect to these non-parties.  It is not for this Court to say what

place, if any, the allegations concerning Lear and Adient should occupy in the

Texas litigation, whether these allegations or discovery related to them is

precluded by the prior Michigan rulings, or how much discovery should be

permitted down that particular spur.  That battle should be joined in Marshall,

Texas.

Lear and Adient argue that "there is no risk of inconsistent rulings."  (ECF

No. 23, PageID.920-924.)  Among other things, Lear and Adient contend that, if

this Court simply reaffirmed its previous ruling (by Judge Drain in Prevent II), and held that "the subpoenas seek information categorically irrelevant under the FTAIA," there would be "no inconsistency with [Chief Judge Gilstrap's August 3, 2023] motion to dismiss decision in the Texas Action."  (ECF No. 23, PageID.922.)

However, Prevent U.S.A. has the better argument.  Prevent U.S.A.'s August 2023 second amended complaint in the Texas action touches upon Lear and Adient in ¶¶ 109-114, 129.  (ECF No. 1-3 herein.)  So, while Lear and Adient are not parties to the Texas action, they are mentioned as part of a scheme that the Texas district court has thus far upheld against Volkswagen on a motion to dismiss.  Put another way, the allegations regarding these entities are still in the instant case in a live pleading in Texas federal court, irrespective of what Judges Friedman and Drain ruled in two previous cases in the Eastern District of Michigan.[6]  While Lear and Adient argue that "it is Prevent – not Lear or Adient – that has used a filing in one court (the Texas action) to effectively ask that court to '[re]interpret, reconsider and reverse' … another court's decision (this Court's dismissal

_____

[6] In response to questioning from the Court – about whether, "at best, you could say in Texas, the court hasn't reached that issue on the merits … because the whole complaint, including those allegations, is still intact right now?" and whether, as of now, the entire Texas second amended pleading has been upheld – Adient's counsel acknowledged:  "Yeah, the court did not go allegation-by-allegation and strike certain ones.  So that entire complaint is live."  (ECF No. 30, PageID.987.)

order)[,]" (ECF No. 23, PageID.920), this Court sees it the other way around, *i.e.*, Lear and Adient are effectively asking the Eastern District of Michigan to find that the Eastern District of Texas should have either thrown out the entire case (on *forum non conveniens* or other grounds) or at least struck the boycott allegations involving them for the reasons stated in the prior Michigan litigation. Yet Judge Payne was clearly aware of the allegations in and outcome of both Michigan lawsuits, as referenced in his R&R; nonetheless, the instant case was permitted to proceed, including allegations that Lear and Adient had agreed to participate in Volkswagen's scheme to arrange a boycott that could bankrupt Prevent. (*See* ECF No. 1-1 [R&R], PageID.32; Case No. 2:22-cv-00506-JRG-RSP, ECF No. 4 therein, ¶¶ 107-108 [First Amended Complaint].) Therefore, it should be up to the Texas district court judges (Payne and Gilstrap) to, for example: (a) determine the viability of Prevent's claims, including whether they are in any way precluded or circumscribed by the prior rulings of this District or the Sixth Circuit; (b) decide the relevancy of Prevent's allegations and evidence; and (c) weigh proportionality in accordance with Fed. R. Civ. P. 26(b)(1). "Under these circumstances, the Court agrees with [Prevent U.S.A.] that the risk of inconsistent rulings constitutes an exceptional circumstance warranting transfer." *Diversified Energy Co. PLC v. Inst. for Energy Econ. & Fin. Analysis*, No. 1:23MC00031, 2023 WL 5831414, at *6 (N.D. Ohio Sept. 8, 2023) (ECF No. 21, PageID.742).

Moreover, there is overlap between the pleadings in Prevent II and the Texas action.  With respect to their November 2023 motion to quash (ECF No. 1), Lear and Adient contend that "a comparison of the allegations dismissed by this Court with the allegations in Texas reveals Prevent did not allege any facts that Lear and Adient were involved in import commerce related to alleged boycotts[,]" (ECF No. 22, PageID.884), in support of which they provide a chart comparing ¶¶ 91-93, 97-100 of the allegations in Prevent II with ¶¶ 109-114 of the Texas action allegations (ECF No. 22-3).  However, even if Lear and Adient say Judge Payne's June 2023 R&R has nothing to do with the Texas action's boycott allegations – either in the currently operative second amended complaint (ECF No. 1-3, ¶¶ 109-114) or the first amended complaint (ECF No. 4, therein, ¶¶ 107-108) – the R&R addressed the first amended complaint on the five grounds that were raised for dismissing it, and the similarly phrased boycott allegations survived.  (*See* ECF No. 1-1 [R&R].)  Thus, in addressing the sealed or renewed motions to dismiss (ECF Nos. 82, 83, therein) and/or the writ of mandamus related to the first amended complaint, it is for the Texas court to say what part the currently operative boycott allegations play, to determine how material they are to the overall alleged scheme by Volkswagen, and to define the appropriate scope and proportionality of discovery on this issue.  *See*, *e.g.*, *Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D.

Mich. June 11, 2020) (finding "exceptional circumstances justifying transfer" in part due to "the overlap between the parties' arguments in this discovery dispute and the merits of the underlying case").[7]

In the end, all things considered, this Court agrees that the Texas court "should be permitted to interpret its own order[.]"  (ECF No. 24, PageID.938.)  As Prevent notes, "[b]y arguing that only 'some facets' of Prevent's allegations survived the motion to dismiss," Lear and Adient "ask this Court to effectively dismiss aspects of Prevent's claims (by denying discovery on them) where the Texas courts did not."  (ECF No. 24, pageID.942.)  And, even if Lear and Adient "are correct that Texas court *silently* rejected Prevent's boycott allegations," the Texas court "is the only one that can make that determination [or clarification], warranting transfer."  (*Id*. (emphasis added).)

### b.   Judicial economy, case schedule, and undue burden

Prevent also contends that judicial economy, the accelerated case schedule, and lack of undue burden favor transfer.  (ECF No. 21, PageID.742-744; ECF No. 24, PageID.943-944.)  Lear and Adient argue that Prevent's judicial economy,

---

[7] Lear and Adient cite *Woods ex rel. U.S. v. SouthernCare, Inc*., 303 F.R.D. 405 (N.D. Ala. 2014) for the proposition that "[t]he risk of overlapping future rulings, in the name of judicial economy or otherwise, does not constitute an exceptional circumstance."  *Woods*, 303 F.R.D. at 408.  (ECF No. 23, PageID.925.)  In addition to the fact that *Woods* is not binding on this Court, the instant opinion only treats the risk of overlapping rulings as *one* of the reasons for finding exceptional circumstances, the others being discussed at length herein.

discovery timeline, and undue burden arguments fail.  (ECF No. 23, PageID.927-931.)  Prevent U.S.A. prevails on each of these factors.

As for judicial economy, Prevent U.S.A. points out that "the Texas court has handled all other merits and discovery disputes to date, including the only other non-party motion to quash filed in this case thus far."  (ECF No. 21, PageID.742.)  Lear and Adient argue, *inter alia*, that "[n]othing about [Judge Payne's October 13, 2023 order regarding non-party IAC's motion to quash or modify subpoena or for protective order] puts the court in the Texas Action in a position to more efficiently resolve Lear and Adient's motion [to quash]."  (ECF No. 23, PageID.928.)  Still, as Prevent U.S.A. notes, "[j]udicial economy would be served by having all discovery disputes resolved by the same court."  *Bauer v. Hill*, No. CV 2:23-MC-29, 2023 WL 6170550, at *2 (S.D. Ohio Sept. 22, 2023).  (ECF No. 21, PageID.742.)  This also reduces the likelihood of inconsistent rulings.

As for the accelerated case schedule / discovery timeline, Judge Payne's July 2023 docket control order in the Texas action set the completion of fact discovery for May 3, 2024 (ECF No. 47, therein), but this case is procedurally in flux for at least two reasons.  First, at the time Prevent U.S.A. filed its December 7, 2023 motion to transfer, Volkswagen had not "moved for a stay of discovery in the Texas [a]ction pending briefing on remand," (ECF No. 21, PageID.739); however, the Volkswagen Defendants' December 19, 2023 motion to stay discovery pending

17

ruling on Defendants' renewed motion to dismiss the amended complaint (ECF No. 84) is still pending in the Texas action.  Second, Prevent U.S.A.'s pending April 5, 2024 opposed motion to amend the docket control order (ECF No. 98, therein) seeks to alter certain dates, including, *inter alia*, the completion of fact discovery to July 2, 2024 (ECF No. 98-6, PageID.6828).  Thus, while there may have been "many months of discovery remain[ing]" at the time Prevent U.S.A. filed its December 7, 2023 motion to transfer, discovery has now closed (*see* ECF No. 23, PageID.929).  Given the pending motion to stay discovery, the expired discovery period, and the pending motion to amend the docket control order, the "procedural posture" of this case renders "the Texas court . . . best situated to manage" the Texas action's schedule, including any repercussions upon the case schedule if the motion to quash is denied.  (ECF No. 24, PageID.944.)

Finally, the Court has considered the undue burden arguments.  (ECF No. 21, PageID.744; ECF No. 23, PageID.930; ECF No. 24, PageID.944.)  Although Lear and Adient "are headquartered in this District and oversee their operations in this District[,]" and while they contend "to send Lear and Adient's motion down to Texas would impose an undue burden[,]" (ECF No. 23, PageID.930), Prevent U.S.A. has represented it "will support an application to hold the proceedings on the transferred motion remotely," (ECF No. 21, PageID.744).  In fact, "[i]f the motion is transferred, judges are encouraged to permit telecommunications

18

methods to minimalize the burden a transfer imposes on non-parties," Fed. R. Civ. P. 45(f), Advisory Committee Notes, although Adient's counsel does not "think that [his] client or Lear would prefer that we appear remotely." (ECF No. 30, PageID.994.) In any case, this Court does not believe that Lear, which is a Fortune 500 Company operating in 37 countries, or Adient, which boasts a global presence spanning 29 countries, would be unduly prejudiced by having to litigate these issues in Texas.[8]

### 2.    Petitioners' motion to quash (ECF No. 1)

In their initiating November 2023 motion, Lear and Adient argue that Prevent's subpoenas should be quashed as irrelevant and unduly burdensome, or, alternatively, that Prevent should pay their compliance costs. (ECF No. 1, PageID.13-27.) Prevent responds that the subpoenas seek relevant information, the objections are without merit, and the movants are not entitled to costs. (ECF No. 13, PageID.258-271; ECF No. 20, PageID.581-594 [Corrected Response].) In reply, Lear and Adient contend:

- Prevent's Import Allegations Against Others in Texas Have Nothing To Do with Its Subpoenas to Lear and Adient

- Rule 45 Bars Prevent's "Blame Everyone Else" Approach

---

[8] *See* https://www.50pros.com/fortune500; https://www.lear.com; and, https://www.adient.com/about-us/.

- Prevent's Subpoenas Are Hopelessly Overbroad and Burdensome[9]

- Rule 45's Mandatory Imposition of Fees and Costs Is Appropriate

(ECF No. 22, PageID.884-889.)

Notwithstanding any of these arguments, having already granted Prevent U.S.A.'s motion to transfer (ECF No. 21), in large part because the Texas court is in the best position to address this discovery dispute and how the allegations regarding Lear and Adient play into the case at bar, the Court accordingly denies Lear and Adient's joint motion to quash (ECF No. 1) as moot, without prejudice to pursuit of this relief in the issuing court.

## D.    Conclusion and Order

Non-parties Lear and Adient seek to shut down the requested subpoenaed discovery at issue based largely upon this Court's substantive and *forum non conveniens* dismissals of prior litigation in cases where Lear and Adient were parties.  Yet, they seemingly wish to sidestep the fact that the current litigation entails pleadings which are not entirely identical to the prior cases, even if substantially similar, and that the Eastern District of Texas has denied a motion to

---

[9] At the hearing, as evidence of the burden of complying with Prevent's subpoenas, Lear and Adient pointed to the Levalley Declaration (ECF No. 1-7), the Rupp Declaration (ECF No. 1-6, ECF No. 10), and Judge Drain's November 30, 2021 decision in *Prevent DEV GmbH*, 2021 WL 5585917 (*Prevent II*).

dismiss one such pleading on both substantive and *forum non conveniens* grounds. That District now considers a motion to stay the case and revisits *forum non conveniens* and possibly substantive antitrust bases for dismissal, whether upon remand from the Fifth Circuit Court of Appeals as to the first amended complaint or in addressing the sealed and renewed motions to dismiss (ECF Nos. 82, 83, therein).

While Lear and Adient are not parties to the Texas litigation, they are alleged participants, or at the very least witnesses, to an alleged boycott scheme which purportedly violates U.S. antitrust law.  Under consideration in Texas, as was the case here in prior litigation, is the interplay between these pending allegations and the FTAIA, 15 U.S.C. § 6a.  Despite Lear and Adient's insistence that this is not the exceptional instance where transfer is appropriate under Fed. R. Civ. P. 45(f), this Court concludes that the complexities of this matter, both substantively and procedurally, the current procedural posture, the duration of the underlying litigation, the nature of the issues pending before the District of Texas, and the fact that the presiding judges in Texas have already addressed prior discovery issues involving other parties and/or non-parties, render this an "exceptional circumstance" in which transfer of the motion to quash "to the issuing court" is warranted.  Fed. R. Civ. P. 45(f); *Moore's*, § 45.53, *supra*.  *See also Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (due to highly complex

21

and intricate nature of the underlying litigation, court where action was pending was in better position to rule on motion to quash or modify subpoena because of that court's familiarity with full scope of issues involved, as well as to avoid inconsistent rulings).

Upon consideration of the motion papers and oral argument, and for all the reasons stated above:  **(1)** Respondent Prevent U.S.A.'s December 7, 2023 amended motion (ECF No. 21) to transfer Petitioners Lear and Adient's joint motion to quash is **GRANTED**; and, **(2)** accordingly, Petitioners' November 15, 2023 joint motion to quash the non-party subpoenas of Respondent Prevent U.S.A. (ECF Nos. 1) is **DENIED AS MOOT**, without prejudice to pursuit of this relief in the issuing court.

**IT IS SO ORDERED.**[10]

Dated:  May 17, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[10] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).